UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ANDREW HETHCOAT,<br><br>Defendant. | Case No. 2:17-cr-00294-KJD-GWF<br><br>ORDER |

Presently before the Court is Defendant's Motion to Amend Judgment (#57). The Government filed a response in opposition (#58) to which Plaintiff replied (#60).

I. Background

On August 16, 2017, state law enforcement arrested Hethcoat in connection with burglary and firearms. On September 6, 2017, a federal grand jury returned an indictment charging Hethcoat for being a felon in possession of a firearm. On November 6, 2019, Hethcoat pleaded guilty to being a felon in possession of a firearm. On November 6, 2019, the Court sentenced Hethcoat to 37 months of imprisonment with three years of supervised release to follow. In connection with the burglary (charged by the state) and the firearm charge (charged federally), Hethcoat has been in custody continuously since his arrest in August 2017.

It is undisputed that the intention of the parties when Hethcoat entered his plea was that he could credit against his federal sentence for all the time that he had spent in custody since his arrest. However, unknown to the Court and apparently to the parties, Hethcoat was in state custody when the federal sentence was imposed, preventing the Bureau of Prisons from crediting the time he spent in state custody against his federal sentence. Hethcoat then filed the present motion for relief.

II. Analysis

As well-explained in the Government's brief, when a court imposes a sentence (sentence 1) to run concurrently with another sentence (sentence 2), the Bureau of Prisons ("BOP") considers sentence 1 to have "commenced" on the date of that sentencing hearing. Both sentences are served concurrently prospectively, but BOP considers separately whether any periods of incarceration prior to the commencement of sentence 1 should be credited to that sentence. See United States v. Smith, 812 F.Supp. 368, 370 (E.D.N.Y. 1993) ("Computing a federal sentence requires two separate determinations: when the sentence commences" and "to what extent the defendant in question may receive credit for any time already spent in custody.").

Federal law authorizes BOP to give credit for prior periods of incarceration only if those periods "[have] not been credited against another sentence." 18 U.S.C. § 3585(b). Under this principle, the 27 months Hethcoat spent in primary state custody, while prosecution in this case proceeded (including when he appeared in federal court on a writ from state custody), was being credited only to the sentence imposed in his state case in the Nevada state District Court (Case No. C-19-345735-1). Thus, when Hethcoat entered federal custody, BOP could not credit that time against the 37-month federal sentence imposed in this case.

Hethcoat is currently slated to serve a total of 64 months (27 months in state custody, plus 37 months in federal custody), rather than the 37-months the parties intended as a result of their plea negotiations. The sentencing guidelines provide a solution to this dilemma in an analogous situation at the time of sentencing, i.e., when a court imposes sentence for a defendant who is serving an undischarged term of imprisonment resulting from another offense that is relevant conduct to the instant offense. See USSG § 5G1.3(b). In that situation, the Sentencing Commission recommends that the Court "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons," and then order that adjusted sentence to "run concurrently to the remainder of the undischarged term of imprisonment." Id.

1    But for the parties' mutual mistake at the time of sentencing, they would have asked the
2    Court to apply guideline §5G1.3(b) at the time of sentencing, with a base sentence of 37 months,
3    adjusted under this guideline to 10 months to account for the 27 months already served in state
4    custody. Had they recognized that the 27-months of pre-trial state custody could not be credited
5    by BOP to Hethcoat's federal sentence, they would have asked the court to adjust the agreed-
6    upon 37-month sentence downward by 27 months, to 10-months imprisonment, which would
7    reflect the time served and achieve the desired result—i.e., a total period of incarceration of 37-
8    months.

9    Except as provided by statute, a district judge may not modify a term of imprisonment
10   once it has been imposed. See 18 U.S.C. § 3582(c). Title 28, U.S.C. § 2255 allows a Court to
11   correct a sentence that was imposed in violation of the Constitution or is otherwise subject to
12   collateral attack. Such motions, when they are granted, are frequently granted on the ground that
13   the defendant had ineffective assistance of counsel. Although the government does not concede
14   ineffective assistance in this case, it nonetheless believes the corrective mechanism in §2255 can
15   be used to correct the sentence here and the Court agrees. Since the Government affirmatively
16   waives its reliance on the collateral challenge waiver in Hethcoat's plea agreement for this
17   purpose, this Court will not consider the waiver. Cf. Wood v. Milyard, 132 S. Ct. 1826, 1833 n.5,
18   1835 (2012).

19   The Court grants Defendant's motion to the extent that Defendant's sentence is vacated,
20   and the Court will prepare an Amended Judgment by separate paper sentencing Heathcoat to 10-
21   months imprisonment, all other aspects of the sentence remaining intact, reflecting the Court's
22   intention at the original sentencing to apply guideline §5G1.3(b) to account for the 27-months in
23   state custody that the BOP will be unable to credit toward his sentence.

24   III. Conclusion

25   Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Amend Judgment
26   (#57) is **GRANTED**;
27   ///
28   ///

1   IT IS FURTHER ORDERED that Amended Judgment be issued separately.

2   Dated this 3rd day of December 2020.

_____
Kent J. Dawson
United States District Judge